UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

CASE NO. 8:24-cv-2123

NOVO NORDISK A/S and NOVO
NORDISK INC.,

    Plaintiffs,

v.

INFINITY MEDICAL INSTITUTE, LLC,

    Defendant.

_____/

## PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND SANCTIONS

Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") hereby file this motion for civil contempt and sanctions against Defendant Infinity Medical Institute, LLC ("Infinity"). In support thereof, Plaintiffs state as follows:

1. On September 6, 2024, Novo Nordisk filed its Complaint against Infinity, alleging claims under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq. See generally* Compl. [D.E. 1].

2. Novo Nordisk obtained a summons on September 11, 2024. [D.E. 9].

3. Novo Nordisk served the Complaint on Infinity on September 16, 2024. [D.E. 11].

4. Under Rule 12(a)(1)(A)(i), Infinity's answer was due October 7, 2024, but it failed to respond.

5. On October 10, 2024, Novo Nordisk moved for entry of a clerk's default against Infinity. [D.E. 12].

6. On October 15, 2024, the clerk entered default against Infinity. [D.E. 13].

7. On November 18, 2024, Novo Nordisk moved for default judgment. [D.E. 14].

8. On September 22, 2025, the Court denied the default judgment motion without prejudice. [D.E. 17].

9. On December 18, 2025, Novo Nordisk filed a renewed motion for default judgment. [D.E. 18].

10. On December 23, 2025, the Court granted the renewed default judgment motion (the "December 23 Order"). [D.E. 19].

11. The Court's December 23 Order granted a default judgment on every count and enjoined Infinity from using any Novo Nordisk trademark in a manner likely to cause confusion, mistake, or deception or otherwise to infringe a Novo Nordisk mark. [D.E. 19 at 5-6].

12. In relevant part, the Court's December 23 Order also states: "No later than January 6, 2026, Infinity must produce to the plaintiffs an accounting of profit derived from any semaglutide-related product or service." *Id.* at. 6.

13. Novo Nordisk served a copy of the renewed motion and December 23 Order on Infinity via email and via registered mail. *See* Juarez Decl. at ¶ 4 and Exhibit A thereto.

14. Despite receiving the Court's December 23 Order, Infinity has failed to produce to Novo Nordisk an accounting of the profits derived from any semaglutide-related product or service. *See* Juarez Decl. at ¶ 5. In fact, Infinity has not provided any of the information needed by Novo Nordisk to make a request for damages. *Id.*

15. On January 28, 2026, Novo Nordisk moved for an order to show cause why Defendant should not be held in contempt due to its failure to comply with the Court's December 23 Order. [D.E. 24].

16. On January 30, 2026, the Court granted Novo Nordisk's motion and ordered Defendant to show cause no later than February 12, 2026 why a sanction for civil contempt should not issue (the "January 30 Order"). [D.E. 27].

17. Novo Nordisk served a copy of the Court's January 30 Order on Infinity via mail sent on January 30, 2026. *See* Juarez Decl. at ¶ 8.

18. Despite the Court's Order, Defendant failed to show cause by the February 12 deadline and to date have not appeared, shown cause, or otherwise complied with any of the Court's orders. *See* Juarez Decl. at ¶ 9.

19. Accordingly, Novo Nordisk respectfully requests that this Court grant this motion and issue a sanction for civil contempt against Infinity, including a daily fine, until Infinity complies with the Court's orders.

## LEGAL STANDARD

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991), *citing Shillitani v. United States*, 384 U.S. 364, 370 (1966). A party may be held in contempt if there is clear and convincing evidence "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." *E.g.*, *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000); *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988) (per curiam).

The Court has "wide power ... to impose fines for disobedience to its orders." *Tom James Co. v. Morgan*, 141 Fed. App'x 894, 900 (11th Cir. 2005). "[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986) (internal quotations omitted). Daily fines may be ordered to compel a delinquent party to comply with a court's order. *See, e.g.*, *Millenium Funding, Inc. v. 1701 Management LLC*, Case No. 21-cv-20862, 2022 WL 18456536, at *2 (S.D.

- 4 -

Fla. Dec. 12, 2022) (ordering contempt fine of $500 per day until party complied with court orders).

## ARGUMENT

Sanctions are warranted for Infinity's repeated failures to comply with the Court's Orders, including the Court's December 23 Order requiring in relevant part that it provide Novo Nordisk an accounting of profits derived from any semaglutide-related product or service by January 6, 2026, and the Court's January 30 Order to show cause why a sanction for civil contempt should not issue. Indeed, Infinity has not provided any information or participated in any way in this suit.

It is clear from the face of these Orders that they are legal and valid; each provides limited relief within the Court's power to compel and appropriate in the circumstances. *See* D.E. 19 (granting default judgment after Defendant failed to respond to Complaint and citing applicable law supporting decision), D.E. 27 (ordering Defendant to show cause why it should not be held in contempt for failing to obey prior Order).

These Orders are also clear and unambiguous, laying out the exact steps Defendant must take to comply. *See* D.E. 19 (ordering, in relevant part, that Defendant provide an accounting no later than January 6); D.E. 27 (ordering that Defendant show cause no later than February 12, 2026 why it should not be held in contempt for its failure to comply with the Court's previous Order).

Defendant has been served with both Orders, *see* Juarez Decl. at ¶¶ 4, 8, and Defendant could easily have complied with these Orders by appearing, providing the applicable documents, and responding to the Court's Order to show cause, *see generally* Docket; Juarez Decl. at ¶¶ 5, 9.

Defendant's noncompliance with the Court's clear and lawful Orders is self-evident, and Defendant should be held in contempt accordingly until it complies with these Orders.

Based on its pattern of willful noncompliance in this action, Defendant has made clear that it will not willingly appear and abide by the Court's Orders. As such, financial sanctions are appropriate and necessary to compel compliance. Novo Nordisk thus also respectfully requests that the Court assess a daily penalty in an amount that the Court deems appropriate. *See Local 28*, 478 U.S. at 443; *Millenium Funding*, 2022 WL 18456536, at *2.

## CONCLUSION

For the foregoing reasons, Novo Nordisk respectfully requests that this Honorable Court grant this motion as set forth herein and (i) enter a sanction of civil contempt against Defendant, (ii) assess a daily penalty in an amount that the Court deems appropriate until Defendant complies with the Court's Orders, and (iii) award any further relief as the Court deems just and proper.

CASE NO. 8:24-cv-2123

Respectfully submitted,

/s/ *Michelle A. Juarez*
Jordan S. Cohen, Esquire (551872)
Michelle A. Juarez, Esquire (1030924)
WICKER SMITH O'HARA
McCOY & FORD, P.A.
515 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone:   (954) 847-4800
Facsimile:    (954) 760-9353
*Attorneys for Novo Nordisk A/S and*
*Novo Nordisk Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 18, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Michelle A. Juarez*
Michelle A. Juarez, Esquire

- 7 -